

COPY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELASTIC WONDER, INC., | CIVIL ACTION NO. |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| IDIL DOGUOGLU-POSEY | |
| **Defendant.** | **ECF CASE** |

Plaintiff Elastic Wonder, Inc. (hereafter, "Elastic Wonder" or "Plaintiff"), though its

undersigned counsel, for its Complaint against the Defendant Idil Doguoglu-Posey

(hereafter "Doguoglu-Posey" of "Defendant"), alleges as follows:

## SUMMARY OF CASE

1.      This is an action for: (a) trade mark infringement and unfair competition

under the Lanham Act, 15 U.S.C. §1051 *et seq.*; (b) cyberpiracy under the Lanham Act,

15 U.S.C. § 1125(d); (c) a declaratory judgment; (d) common law unfair competition

under the law of the State of New York; and (e) common law injury to business

reputation and dilution under New York General Business Law § 360-I.

2.      Mr. Sabudh Nath is the President of Plaintiff Elastic Wonder, Inc.  Mr. Nath

is a recognized leader in the stretchable fabric industry.

3.      In 1991 Mr. Nath founded Spandex House Inc. ("Spandex House").   Over

- 1 -

the next twenty years, Spandex House developed a reputation as the source for all manner of Spandex and other stretchable fabric.  Indeed, Spandex House boasts one of the largest selections of stretchable fabrics available anywhere in the world, and has been featured on the television show Project Runway, and elsewhere.

4.      Seeking to expand its business, in the fall of 2012, Mr. Nath developed a new business to complement Spandex House.  This business was created to sell garments in addition to fabric.  Mr. Nath selected the brand name ELASTIC WONDER for his new business.

5.      To assist him in this new venture, Mr. Nath retained Defendant Idil Doguoglu-Posey and paid her an agreed upon monthly fee for her services.

6.      Mr. Nath thereafter subsequently incorporated Plaintiff Elastic Wonder, Inc.

7.      As explained herein, subsequently, Ms. Doguoglu-Posey has attempted to misappropriate the business of Plaintiff, by claiming ownership of the mark "Elastic Wonder New York," claiming ownership of the domain name <elasticwonder.com>, and by refusing to return to Plaintiff products designed and produced for the benefit of Plaintiff, and other materials all of which were paid for by Plaintiff.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the

Lanham Act, pursuant to 28 U.S.C. § 2201 with respect the claims arising under the

Declaratory Judgment Act, and under principles of supplemental jurisdiction, 28 U.S.C.

§1367.

9.     This Court has diversity jurisdiction over this dispute under 28 U.S.C.

§1332 since this dispute exceeds $75,000 and is between citizens of different states.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

11.     Plaintiff Elastic Wonder is a New York corporation with a principal place of

business at 270 West 38th Street, New York, New York 10018.

12.     Upon information and belief, Defendant Idil Doguoglu-Posey is an

individual residing at 341 Grove St., 4th Fl. Jersey City, New Jersey 07302.

## FACTS COMMON TO ALL COUNTS

13.     In the fall and early winter of 2012, Mr. Nath decided to develop a brand of

stretchable fabric garments to complement the Spandex House business.

14.     On January 6, 2013, Mr. Nath hired Defendant Ms. Idil Doguoglu-Posey to

design garments for this new line, and to otherwise assist him in developing this

business.     Defendant's responsibilities were to include designing garments, assisting

in the development of a name and brand for the business, obtaining a domain name for

- 3 -

Plaintiff; and setting up a website at the domain name.

15.     In an email dated January 6, 2013, Defendant Doguoglu-Posey wrote "just wanted to say again, that I would love and be able to set up your leggings line!" In the same email she further wrote "[y]ou will be the owner of the business, the domain, and website, I am just a freelancing for you." A copy of Defendant Doguoglu-Posey's January 6, 2013 email to Mr. Nath is attached as Exhibit 1.

16.     Thereafter, Defendant worked for Mr. Nath and Plaintiff on a freelance basis and was paid a monthly sum.

17.     One of the tasks that Defendant was to accomplish for Plaintiff was the registering of a domain name.  Defendant was required to identify Plaintiff as the owner and registrant of the new domain.

18.     Acting on Plaintiff's behalf and as its agent, Defendant secured and registered the domain name www.elasticwonder.com.  Mr. Nath paid the registration fee.

19.     However, unknown to Plaintiff, and contrary to her responsibilities, Defendant did not list Plaintiff as the owner and registrant of the domain name, but rather listed herself.

20.     In July 2013, Mr. Nath informed Defendant Doguoglu-Posey that he was sending an additional representative with Ms. Idil Doguoglu-Posey to a trade show in Las Vegas, the *MAGIC SHOW*. Defendant Doguoglu-Posey then announced that she refused to work with this representative.

21.     Not only did Defendant Doguoglu-Posey refuse to work with the new representative selected by Mr. Nath but Defendant also immediately announced that she was no longer willing to work for Plaintiff.

22.     While no longer working for Plaintiff, on July 23, 2013 Defendant Doguoglu-Posey filed a false federal trade mark application, claiming to be the owner of the mark ELASTIC WONDER NEW YORK (stylized) in international class 25 for Bottoms; Combinations; Fabric sold as an integral component of finished clothing items, namely, dresses, leggings, gloves, swim suits, body suits, pants, tops; Gloves as clothing; Jackets; Tops; Wearable garments and clothing, namely, shirts; Women's clothing, namely, shirts, dresses, skirts, blouses (hereafter "the '484 application"). The '484 application claims a first use in commerce date of March 20, 2013. A copy of the '484 application is attached as Exhibit 2.

23.     On July 31, 2013, Plaintiff sent a cease and desist letter to Defendant stating that Plaintiff is the owner of the ELASTIC WONDER mark and that Defendant's use of a confusingly similar mark is in violation of Plaintiff's rights. A copy of this letter is attached as Exhibit 2.

24.     Notwithstanding the above, Defendant has refused to stop using ELASTIC WONDER NEW YORK in violation of Plaintiff's rights in the mark ELASTIC WONDER.

## COUNT I

### Trade Mark Infringement

### Under the Lanham Act, 15 U.S.C. § 1125 (a).

25.  Plaintiff repeats and realleges each allegation in paragraphs 1 to 24 as if fully set forth herein.

26.  Plaintiff is the owner of the mark ELASTIC WONDER.

27.  Plaintiff has not given permission to defendant, or anyone else to use the ELASTIC WONDER trademark for any purpose.

28.  Notwithstanding the above, Defendant currently operates a website at elasticwonder.com where she offers for sale clothing products using the infringing mark "ELASTIC WONDER NEW YORK."

29.  Defendant have also sold clothing products using the infringing mark "ELASTIC WONDER NEW YORK"

30.  The unauthorized use, advertising, and promotion of clothing products by Defendant using the mark "ELASTIC WONDER NEW YORK is likely to cause confusion, or to cause mistake, or to deceive, purchasers in relation to Plaintiff's ELASTIC WONDER trade mark.

31.  The activities of the Defendant complained of herein constitute infringement of Plaintiff's trade mark rights.

32.  By reason of Defendant's acts alleged herein, Plaintiff has been damaged and unless Defendant is restrained from continuing her wrongful acts, the damage to

plaintiff, which is irreparable, will increase. The monetary damages to Plaintiff, will be, unless Defendant ceases her wrongful acts, in excess of $2,000,000.

33.   Plaintiff has no adequate remedy at law.

## COUNT II

## ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

34.   Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 33 of this Complaint as if set forth herein.

35.   This cause of action for federal trade mark cyberpiracy arises under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

36.   Without authorization and consent Defendant registered in her own name and has maintained the domain name <elasticwonder.com> with the knowledge of plaintiff's ownership of rights in the mark ELASTIC WONDER and plaintiff's use of the ELASTIC WONDER mark in association with the sale of clothing.

37.   Upon information and belief, Defendant has registered and maintained the domain name <elasticwonder.com>, with the intent to divert customers from Plaintiff.

38.   Upon information and belief, Defendant registered and has maintained this domain name with the intent to profit from the goodwill of Plaintiff's ELASTIC WONDER mark.

- 7 -

39.     Upon information and belief and for the reasons described herein and to be discovered in this case, Defendant has acted in bad faith in registering and maintaining her domain name.

40.     Defendant's acts have and will continue to irreparably injure Plaintiff, for which Plaintiff has no adequately remedy at law.

41.     Upon information and belief, Defendant has profited by the activities complained of herein, and Plaintiff has been damaged by such activities in an amount as yet unknown but believed to be in excess of $2,000,000.

## COUNT III

### Declaratory Judgment

42.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs 1 through 41 of this Complaint as if set forth herein.

43.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning Plaintiff's ELASTIC WONDER mark and Defendant's use and claim to rights in the confusing similar term "ELASTIC WONDER NEW YORK."

44.     By virtue of the foregoing, Plaintiff desires judicial determination that it owns all rights to the mark ELASTIC WONDER.

45.     A judicial declaration is necessary and appropriate at this time so the parties may proceed in accordance with their respective rights as determined by the Court.

## COUNT IV

### New York Common Law Trade Mark Infringement

46.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 45 as if fully set forth herein.

47.     Plaintiff owns all right, title and interest in and to the ELASTIC WONDER trade mark, including all common law rights under New York law.

48.     Defendant has used the name "ELASTIC WONDER NEW YORK in connection with the development, manufacturing, transporting, offering for sale and sale of infringing goods.  Further, Defendant has caused, or will cause, such infringing goods to enter into commerce in the United States, to Plaintiff's detriment.

49.     Defendant have improperly developed, manufactured, transported, offered for sale and sold infringing goods bearing the ELASTIC WONDER trade mark with the intent to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate the valuable trade mark rights of Plaintiff.

50.     Said acts of Defendant were undertaken without the permission, license or consent of Plaintiff and are damaging to Plaintiff and its business.

51.     Defendant's wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued, will result in damages of at least $2,000,000.

52.     Defendant's wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT V

### New York Common Law Unfair Competition

53.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 52 as if fully set forth herein.

54.     Upon information and belief, Defendant has intentionally misappropriated the ELASTIC WONDER trade mark with the intention of causing confusion, mistake and deception among consumers as to the source of the goods and with the intent to unfairly profit from the goodwill of Plaintiff at Plaintiff's expense.

55.     As a result of the foregoing, Defendant's actions constitute unfair competition and misappropriation, which have had and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

56.     Defendant's wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued, will result in damages of at least $2,000,000.

57.     Defendant's wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT VI

### Injury to Business Reputation and Dilution

### Under § 360-l of the New York General Business Law

58.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 53 as if fully set forth herein.

59.     By reason of the practices and acts set forth above, Defendant is likely to injure Plaintiff's reputation and dilute the distinctive quality of the ELASTIC WONDER trade mark.

60.     These acts of Defendant are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendant will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

61.     Said acts of Defendant violate Section 360-l of the New York General Business Law.

62.     Defendant's wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued, will result in damages of at least $ 150,000.

63.     Defendant's wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for the following relief:

1) That defendant, and all those acting in active concert or participation with her, each and all of them, be enjoined and restrained, during the pendency of this action and permanently, from engaging in or performing any and all of the following:

   (A)  Directly or indirectly infringing Plaintiff's ELASTIC WONDER trade mark in any manner, including generally, but not limited to, advertising, promoting, distributing and selling products which bear terms which infringe said trade mark and specifically, using or displaying the name or mark ELASTIC WONDER.

   (B)  Using any designation, trade mark, trade name, logo or design that tends falsely to represent, or is likely to confuse, misled or deceive purchasers, Defendant' customers, or members of the public into believing that unauthorized products promoted originate from plaintiff, or that said products have been sponsored, authorized or licensed by or associated with plaintiff or is in some way connected or affiliated with plaintiff.

   (C)  Otherwise infringing Plaintiff's ELASTIC WONDER trade mark or competing unfairly with plaintiff any matter or damaging Plaintiff's respective goodwill, reputation  or business;

   (D)  Engaging in any acts of common law unfair competition or misappropriation which would damage or injure Plaintiff; and

(E)     Inducing, encouraging, instigating, aiding, abetting, or contributing to any

        third-party usage of the ELASTIC WONDER trade mark;

(2)     That Defendant abandon U.S. trade mark Application Serial No. 86/017,484, and

        that Defendant be permanently prohibited from seeking to register any mark

        incorporating the term ELASTIC WONDER for clothing or clothing related

        products.

(3)     That Defendant be required to deliver up for destruction all infringing products,

        promotional material, boxes, labels, packages, containers and all other materials,

        together with all means, including plates, molds, matrixes etc. for making or

        reproducing the same pursuant to 15 U.S.C. § 1118 and the common law.

(4)     That damages be awarded to plaintiff in the full amount plaintiff has sustained as

        a consequence of Defendant' acts, together with any and all profits of Defendant,

        which are attributable or arise out of or form such wrongful acts or infringement.

(5)     That statutory damages be awarded to Plaintiff.

(6)     That plaintiff recover from Defendant all of its litigation expenses, including

        reasonable attorney fees and costs pursuant to 15 U.S.C. §1117 and all other

        applicable laws.

(7)     That plaintiff has such other, further or additional relief as this court may deem

        just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**GOTTLIEB, RACKMAN & REISMAN, P.C.**

Richard S. Schurin (RS0199)
rschurin@grr.com
Joshua R. Matthews, Esq. (JM 1023)
jmatthews@grr.com
270 Madison Avenue
New York, New York 10016
(212) 684-3900
(212) 684-3999 (fax)

Dated: August 12, 2013

- 14 -