UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

ELASTIC WONDER, INC.,

                        Plaintiff,              13 Cv. 5603 (JGK)

        - against -             MEMORANDUM OPINION AND
                                         ORDER

IDIL DOGUOGLU POSEY,

                        Defendant.

————————————————————————————————

IDIL DOGUOGLU POSEY,

           Third Party Plaintiff,

        - against -

SPANDEX HOUSE, INC., ET AL.,

           Third Party Defendants.

————————————————————————————————

JOHN G. KOELTL, District Judge:

    The third party defendants, Spandex House, Inc. and Sabudh
Nath, move to dismiss the Amended Third Party Complaint filed
against them by the pro se third party plaintiff, Idil Doguoglu
Posey.  The original Complaint in this action was brought
against Posey by the plaintiff, Elastic Wonder, Inc., alleging
federal trademark infringement under the Lanham Act, 15 U.S.C.
§ 1125(a), and cybersquatting under the Anticybersquatting
Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), along
with related declaratory and state law claims.  Posey brought
counterclaims against Elastic Wonder and a Third Party Complaint

against Spandex House and Nath for substantially the same claims that had been brought against her by Elastic Wonder.  The third party defendants now move to dismiss the Amended Third Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332.

**I.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a

2

court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Because Posey is proceeding pro se, the Court must "construe [her] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted) (alteration omitted). "Even in a pro se case, . . . 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)). Thus, although the Court must "draw the most favorable inferences" that the plaintiff's complaint supports, it "cannot invent factual allegations that [she] has not pled." Id.; see also Little v. City of New York, No. 13cv3813, 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014).

## II.

The following allegations are taken from the Amended Third Party Complaint, and are assumed to be true for purposes of this motion to dismiss.

### A.

The third party plaintiff Posey is a Swiss fashion designer who has been in the fashion industry for over twenty years and is currently based in New York City.  Am. Third Party Compl. ¶ 26.  In December 2012, Posey developed the brand Elastic Wonder, a line of leggings.  Id. ¶ 27.  She registered the domain name www.elasticwonder.com for the new brand on December 12, 2012, markets the brand to the public through various social media accounts, and sells designs through an online shop at the Elastic Wonder website.  Id.

While Posey was developing the line, she discussed the business with third party defendant Nath.  Id. ¶ 6.  Posey was friendly with Nath, having worked over the years with him and his business, third party defendant Spandex House, a fabric supplier.  Id.  Posey proposed that they jointly market and produce her Elastic Wonder brand, using Spandex House's fabrics to offer competitive pricing.  Id. ¶¶ 6, 28.  Nath was slow to warm to the idea, but eventually offered Posey funding and fabric samples in what Posey alleges was an acceptance of the joint business venture.  Id. ¶¶ 29-36.  However, while Posey

4

alleges that Nath was supposed to "get the paperwork together",
she does not allege that they entered into any written
agreement.  Id. ¶ 37.

    Posey alleges that while she continued to work on designing
and developing marketing materials for the Elastic Wonder brand,
Nath "attempted to misappropriate Elastic Wonder" by
incorporating the company Elastic Wonder, Inc., registering a
similar domain name, and offering her designs to the public
displaying the Elastic Wonder name and logo.  Id. ¶¶ 38, 40.
Posey alleges that Nath has offered Elastic Wonder designs via
the internet, a trade show in Las Vegas, and a store in New York
City, and that Spandex House is identified as the owner of the
Elastic Wonder brand.  Id. ¶¶ 40-43.  Posey also alleges that
Spandex House has used the Elastic Wonder brand to sell its own
fabric.  Id.

    Upon becoming aware of Nath's actions, Posey informed Nath
that she would no longer be doing business with him and sent him
a cease and desist letter demanding that he stop using her brand
and designs.  Id. ¶ 40.  Posey claims that Nath and Spandex
House have continued to infringe on her trademark.  Id. ¶¶ 44-
45.

**B.**

    This action began on or about August 12, 2013, when Elastic
Wonder, Inc. sued Posey for federal trademark infringement,

among other claims.  In its Complaint, Elastic Wonder alleges
that it owns the Elastic Wonder trademark, and that Posey was
merely assisting it in the venture.  Compl. ¶¶ 4-7.  On or about
October 4, 2013, Posey submitted an Amended Answer to the
Complaint, alleged counterclaims against Elastic Wonder, and
moved for joinder of Nath and Spandex House.[1]  On or about
February 24, 2014, Posey filed a Third Party Complaint against
Nath and Spandex House, and filed her Amended Third Party
Complaint on April 4, 2014.  In her Amended Complaint, Posey
alleges a count of trademark infringement under the Lanham Act,
15 U.S.C. § 1125(a), a count of cybersquatting under the ACPA,
15 U.S.C. § 1125(d), and New York state law claims of common law
trademark infringement, unfair competition, injury to business
reputation, dilution, and breach of contract.  Posey also seeks
judgment declaring that she owns the Elastic Wonder trademark.

On or about May 1, 2014, the third party defendants filed
the present motion to dismiss the Amended Third Party Complaint
for failure to state a claim under Federal Rule of Procedure
12(b)(6).

### III.

Nath and Spandex House move to dismiss Posey's trademark
and advertising claims on the grounds that neither third party

---

[1] Posey purported to join Nath and Spandex House under Rule 17(a), rather than
Rule 19 or 20.

defendant uses the Elastic Wonder mark.  Therefore, they claim that Posey cannot state a state or federal trademark claim or a cybersquatting claim against them.

### A.

To state a claim for trademark infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must show that it has a valid mark entitled to protection and that "the defendant's use of its mark is likely to cause an appreciable number of ordinarily prudent purchasers confusion as to the origin, sponsorship, or approval of the defendant's product." Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc., 868 F. Supp. 2d 172, 177 (S.D.N.Y. 2012) (citations and internal quotation marks omitted); see also Kaplan, Inc. v. Yun, 16 F. Supp. 3d 341, 346-47 (S.D.N.Y. 2014).  Although the third party defendants dispute that the third party plaintiff has a valid mark,[2] their arguments for purposes of this motion center on their contention that they do not use the Elastic Wonder mark.

---

[2] In a footnote, the defendants argue that Posey has not actually registered the Elastic Wonder trademark, but this argument is plainly not dispositive of her ownership of the mark because Section 43(a) of the Lanham Act protects valid, unregistered trademarks.  The parties in this litigation actually appear to be disputing which party made prior use of the Elastic Wonder mark. A party may assert prior use when it "claims to have made the first use of the mark to identify [its] goods or service and continues to use the mark commercially." Dual Groupe, LLC v. Gans-Mex LLC, 932 F. Supp. 2d 569, 573-74 (S.D.N.Y. 2013).  The type of use must be "sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." Id. (quoting Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc., 15 F. Supp. 2d 389, 396 (S.D.N.Y. 1998).

They argue that the plaintiff Elastic Wonder, Inc. is the only entity that advertises, markets, or sells apparel under the Elastic Wonder mark.

The third party plaintiff is required to show "use in commerce" by the third party defendants as a threshold element of a trademark infringement claim. Kelly-Brown v. Winfrey, 717 F.3d 295, 305 (2d Cir. 2013). The Lanham Act defines "use in commerce" as follows:

> The term "use in commerce" means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. For purposes of this chapter, a mark shall be deemed to be in use in commerce—
>
> > (1) on goods when—
> >
> > > (A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and
> > >
> > > (B) the goods are sold or transported in commerce.

15 U.S.C. § 1127. Therefore, in determining whether the third party plaintiff has satisfied the use in commerce requirement as to these defendants, the Court looks to "whether the trademark has been displayed to consumers in connection with a commercial transaction." Kelly-Brown, 717 F.3d at 306.

At the motion to dismiss stage, accepting all of Posey's allegations as true, she has adequately pleaded that Nath and

Spandex House used the Elastic Wonder mark in commerce.  Posey's allegations that Nath and Spandex House marketed Elastic Wonder products on the internet, at a store, and at a Las Vegas trade show qualify as displaying the Elastic Wonder mark to consumers in connection with commercial transactions.  See id.; 15 U.S.C. § 1127.

The third party defendants present various arguments to contend that the facts Posey alleges are simply false.  They argue that Spandex House is only a fabric supply company with no interest in selling Elastic Wonder leggings, that neither Nath nor Spandex House were actually present at the Las Vegas trade show, and that Spandex House does not own the website on which Elastic Wonder apparel is being advertised.  These arguments raise factual disputes that the Court cannot resolve on a motion to dismiss.  See Bolt Elec., Inc. v. City of N.Y., 53 F.3d 465, 469 (2d Cir. 1995) ("On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff.") (internal citations omitted); Kaplan, 16 F. Supp. 3d at 347 (holding that the plaintiffs adequately pleaded a trademark infringement claim despite defendants' dispute of the facts).  The third party defendants argue that Posey's allegations of trademark infringement are conclusory allegations that do not meet the Iqbal pleading standards, but her

assertions regarding the alleged infringement by Nath and Spandex House are assertions of fact that the Court must accept as true at this stage of the case.[3]

Moreover, the third party defendants may also be liable under theories of indirect trademark infringement. A corporate officer may be personally liable for trademark infringement under the Lanham Act if the officer is a "moving, active, conscious force behind the defendant corporation's infringement." Calvin Klein Jeanswear Co. v. Tunnel Trading, No. 98cv5408, 2001 WL 1456577, at *6 (S.D.N.Y. Nov. 16, 2001). In Elastic Wonder's Complaint, it alleges that Nath is the President not only of Spandex House but also of Elastic Wonder, Inc., see Compl. ¶¶ 2-3, the company the third party defendants admit is behind the marketing of the Elastic Wonder brand. Although Posey's Third Party Complaint does not specify Nath's corporate role, it alleges sufficient facts to show that he is the "moving, active, conscious force" behind Elastic Wonder, Inc. and Spandex House's alleged acts of infringement. See Calvin Klein Jeanswear, 2001 WL 1456577, at *6 (holding that

---

[3] The third party defendants attempt to rely on evidence outside the pleadings, and suggest in a footnote that the Court may convert their motion to dismiss into one for summary judgment. Because the pro se plaintiff has not had adequate notice of such a conversion and the conversion would not facilitate disposition of this action, the Court declines in its discretion to convert this motion to dismiss into one for summary judgment under Federal Rule of Procedure 12(d). See, e.g., Schutte Bagclosures Inc. v. Kwik Lok Corp., No. 12cv5541, 2014 WL 4802917, at *15 (S.D.N.Y. Sept. 29, 2014).

individual defendant may be held liable for corporation's alleged acts of infringement and unfair competition because "[a]s its sole corporate officer and employee, [the defendant] unarguably served as the moving, active, conscious force behind [the corporation's] conduct") (internal citation and quotations omitted).[4]

Finally, the third party defendants also may be held liable for contributory trademark infringement.  Contributory trademark infringement is a judicially created doctrine derived from the common law of torts that typically applies to manufacturers and distributors of goods.  See Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 103-04 (2d Cir. 2010).  "A distributor who intentionally induces another to infringe a trademark, or continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, is contributorially liable for any injury."  Polymer Tech. Corp. v. Mimran, 975 F.2d 58, 64 (2d Cir. 1992) (citing Inwood

---

[4] The third party defendants cite cases holding that an individual cannot be a "moving, active, conscious force" "simply by virtue of his status as a corporate officer."  See Eu Yan Sang Int'l Ltd. v. S & M Enterprises (U.S.A.) Enter. Corp., No. 09cv4235, 2010 WL 3824129, at *3 (E.D.N.Y. Sept. 8, 2010), report and recommendation adopted sub nom., Eu Yan Sang, Int'l LTD. v. S & M Enterprises (U.S.A) Enterprises Corp., No. 09cv4235, 2010 WL 3806136 (E.D.N.Y. Sept. 23, 2010); Kuklachev v. Gelfman, No. 08cv2214, 2009 WL 804095, at *5 (E.D.N.Y. Mar. 25, 2009) (dismissing infringement claim where the plaintiffs "allege only that defendants held certain titles in the allegedly infringing production, without alleging that defendants authorized or approved any allegedly infringing actions").  Because the third party plaintiff has alleged Nath's specific awareness and direction of the allegedly infringing activities, these cases are inapposite.

Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 854 (1982)).

Posey alleges that Nath and Spandex House supplied fabric for the production of the allegedly infringing Elastic Wonder apparel and maintained a website and storefront where Elastic Wonder apparel was sold.  See Am. Third Party Compl. ¶ 42 & Count I.  Therefore, at the very least, Posey states a claim for contributory trademark infringement against Nath and Spandex House.  See, e.g., Cartier Int'l B.V. v. Ben-Menachem, No. 06cv3917, 2008 WL 64005, at *12 (S.D.N.Y. Jan. 3, 2008) (finding that defendants were contributorily liable for trademark infringement by assisting in the sales of infringing items).

Accordingly, Posey has stated a claim for trademark infringement against Nath and Spandex House, and the motion to dismiss this claim is **denied.**[5]

---

[5] The third party defendants do not distinguish between the federal infringement claim and the related state law claims for infringement and unfair competition.  "It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims."  Lorillard Tobacco Co. v. Jamelis Grocery, Inc., 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) (citation and quotations omitted). Assuming that the third party defendants raise the same arguments against the state claims as they have raised against the federal claim, the Court rejects those arguments for the reasons described as to the federal claim.

**B.**

The third party defendants move to dismiss the third party plaintiff's cybersquatting claim under the ACPA for failure to state a claim under Rule 12(b)(6).

To state a claim under the ACPA, a plaintiff must allege that "(1) its marks were distinctive at the time the domain name was registered; (2) the infringing domain names complained of are identical to or confusingly similar to plaintiff's mark; and (3) the infringer has a bad faith intent to profit from that mark." Gioconda Law Grp. PLLC v. Kenzie, 941 F. Supp. 2d 424, 430 (S.D.N.Y. 2013); see also Kaplan, 16 F. Supp. 3d at 350.

Posey has alleged that she owned the Elastic Wonder mark when she registered the domain name www.elasticwonder.com on December 12, 2012. Am. Third Party Compl. ¶ 5. She has alleged that Nath and Spandex House registered the domain name www.elasticwondernyc.com with knowledge that she owned the Elastic Wonder trademark in order to "divert customers" from Posey and to "profit from the goodwill" of her trademark. Am Third Party Compl. Count II. These allegations suffice to state a claim under the ACPA. See, e.g., Montana Jewelry, Inc. v. Risis, No. 11cv04875, 2013 WL 1232324, at *6 (E.D.N.Y. Mar. 26, 2013) (holding that plaintiff stated a claim for ACPA violation where defendants registered a domain in the name of the plaintiff's business in an attempt to profit in bad faith).

Similar to their arguments against the trademark claim, the third party defendants argue that the third party plaintiff cannot state an ACPA claim against them because Spandex House is not the owner of the domain www.elasticwondernyc.com.  As stated above, the Court must accept the third party plaintiff's allegations as true for purposes of a motion to dismiss. Because Posey alleges facts that plausibly support all of the elements of an ACPA claim, the third party defendants' motion to dismiss that claim is **denied.**

### C.

The third party defendants move to dismiss the third party plaintiff's claim for a judgment declaring that she owns the rights to the Elastic Wonder mark.

The Court can sort out the rights to the Elastic Wonder trademark by eventually adjudicating Elastic Wonder, Inc.'s infringement claims against Posey, Posey's counterclaims against Elastic Wonder, Inc., and Posey's infringement claims against Nath and Spandex House.  The claim for declaratory relief is therefore unnecessary.  At the argument of the current motion, the third party plaintiff agreed to withdraw the claim for a declaratory judgment.

Accordingly, the third party plaintiff's claim for declaratory relief is **dismissed**.

14

IV.

Nath and Spandex House move to dismiss Posey's claim for breach of contract for failure to state a claim upon which relief can be granted.

Under New York law, the elements of a cause of action for breach of contract are: "(1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages." Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 921 N.Y.S.2d 260, 264 (App. Div. 2011). "Generally, a party alleging a breach of contract must demonstrate the existence of a contract reflecting the terms and conditions of their purported agreement." Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1110 (N.Y. 2011) (internal quotation marks and citation omitted); see also Ward v. TheLadders.com, Inc., 3 F. Supp. 3d 151, 158 (S.D.N.Y. 2014).

Posey has not alleged that she and Nath reached any written agreement, nor has she sufficiently alleged the terms and conditions of any oral contract.  Posey alleges that she had presented Nath with various ideas for a "partnership deal," Am. Third Party Compl. ¶¶ 28-34, and that after rejecting these proposals initially, Nath eventually "offered to give [Posey] a maximal amount of $5000/month for 6 months only, as petty cash to pay for necessary materials to set up everything, in return

15

for receipts in addition to the Spandex House fabric and sample
. . . needed, but everything else would have to be done by
them." Id. ¶ 35.  Posey alleges that they agreed to "move ahead
like this and form an incorporation together," and that Nath's
attorney was "supposed to get the paperwork together." Id.
¶¶ 36-37.

　　While Posey's allegations present a hazy picture of some
type of business relationship between Posey and Nath, she does
not allege any terms or conditions that either party had to
follow.  Indeed, it is unclear what amount Posey alleges Nath
agreed to pay when she alleges that the amount was a "maximal
amount of $5,000/month for 6 months only, as petty cash."  This
amount could be anywhere from zero to $30,000.  Indeed, in her
opposition to the present motion, the plaintiff alleges only
that there was "some kind of agreement."  Third Party Pl.'s Mem.
in Opp.  At the argument of the current motion, the plaintiff
conceded that she did not know if there was a contract.

　　Even with a liberal reading of the allegations of a pro se
party, Posey fails to allege facts that indicate that any
agreement between her and Nath existed.  See, e.g., Mandarin
Trading, 944 N.E.2d at 1110 (dismissing breach of contract claim
where the "complaint only offers conclusory allegations without
pleading the pertinent terms of the purported agreement").

16

Accordingly, the third party plaintiff's breach of contract claim is **dismissed**.

## Conclusion

To the extent not specifically addressed above, any remaining arguments are either moot or without merit.  For the reasons explained above, the third party defendants' motion to dismiss the third party plaintiff's Amended Complaint is **granted** in part and **denied** in part, as indicated above.  The Clerk is directed to **close docket no. 46**.

**SO ORDERED.**

**Dated:**     **New York, New York**
            **January 22, 2015**              _____/s/_____
                                                **John G. Koeltl**
                                        **United States District Judge**

17