```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
ELASTIC WONDER, INC.,

                Plaintiff,              13 Cv. 5603 (JGK)

       - against -                      MEMORANDUM OPINION AND
                                        ORDER
IDIL DOGUOGLU POSEY,

                Defendant.
_____

IDIL DOGUOGLU POSEY,

          Third Party Plaintiff,

       – against –

SPANDEX HOUSE, INC., ET AL.,

          Third Party Defendants.
_____
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Elastic Wonder, Inc., brought this action against Idil Doguoglu-Posey ("Posey") alleging federal trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), and cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), along with related declaratory and state law claims.  Posey, proceeding pro se, brought counterclaims against Elastic Wonder and a Third Party Complaint against Spandex House, Inc. and Sabudh Nath for substantially the same claims that had been brought against her by Elastic Wonder.  On January 22, 2015, this Court granted in

1

part and denied in part the third party defendants' motion to dismiss.  In particular, this Court held that Posey had not alleged sufficient facts to state a plausible claim for breach of contract.  On March 11, 2015, Posey moved for reconsideration of that aspect of the Court's ruling.

As an initial matter, Posey's motion is untimely.  Pursuant to Local Rule 6.3, motions for reconsideration of judicial Orders must be made within fourteen days after the Court's determination of the original motion.  Posey made her motion well over fourteen days after her breach of contract claim was dismissed, and it is therefore untimely.

In any event, Posey's motion is without merit.  "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (citation and internal quotation marks omitted). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly . . . ." Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011) (internal citation and quotation marks omitted).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atlantic Airways, Ltd. v. Nat'l Mediation

2

Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted); see also Assured Guar. Mun. Corp. v. RBS Sec. Inc., No. 13cv2019, 2014 WL 1855766, at *1 (S.D.N.Y. May 8, 2014).

    Posey has failed to show that there were any issues of fact or controlling law that the Court overlooked.  Although Posey alleges that she mistakenly withdrew the claim at argument, the Court dismissed the claim on the merits in its decision, stating that "[e]ven with a liberal reading of the allegations of a pro se party, Posey fails to allege facts that indicate that any agreement between her and Nath existed."  Elastic Wonder, Inc. v. Posey, No. 13cv5603, 2015 WL 273691, at *6 (S.D.N.Y. Jan. 22, 2015).  Posey has not identified any new facts that would alter that holding.

    Accordingly, Posey's motion for reconsideration is **denied.**

**Conclusion**

To the extent not specifically addressed above, any remaining arguments are either moot or without merit. For the reasons explained above, the third party plaintiff's motion for reconsideration is **denied**. The Clerk is directed to **close docket no. 66.**

SO ORDERED.

Dated:   New York, New York
         March 23, 2015                 _____/s/_____
                                                John G. Koeltl
                                         **United States District Judge**

4