UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELASTIC WONDER, INC., <br><br> Plaintiff, <br><br> v. <br><br> IDIL DOGUOGLU-POSEY, <br><br> Defendant. | **CIVIL ACTION NO. 13-CV-5603 (JGK)** <br><br> **Defendant's Second Request For Admissions by Elastic Wonder, Inc.** |
| IDIL DOGUOGLU-POSEY, <br><br> Third Party Plaintiff, <br><br> v. <br><br> SPANDEX HOUSE, INC. and SABUDH CHANDRA NATH, <br><br> Third Party Defendants. | |

### DEFENDANT'S SECOND REQUEST FOR ADMISSIONS BY ELASTIC WONDER, INC.

To: Elastic Wonder, Inc. by and through their attorney of record, Stern & Schurin LLP, 410 E. Jericho Turnpike, Mineola, NY 11501.

Pursuant to the United States District Courts Rules of Civil Procedure, Defendant Idil

Doguoglu Posey hereby request that Plaintiff Elastic Wonder, Inc. respond fully to these Requests for Admissions within 30 days. Plaintiff Elastic Wonder, Inc. shall serve their responses on Third Party Plaintiff Idil Doguoglu Posey, 844 60th St, Oakland, CA 94608.

Plaintiff Elastic Wonder, Inc. is herewith asked to admit or deny the following statements of law. If objection is made, please state the reason for the objection. Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

# I
# DEFINITIONS AND INSTRUCTIONS

1. "Elastic Wonder, Inc." means "ElasticWonder, Inc." and any agents, employees, attorneys, and other persons acting on his behalf.

2. "Idil Doguoglu Posey" means "Ms. Posey" and any agents, employees, attorneys and other persons acting on its behalf, including "ElasticWonder.com."

3. "Defendant" means "Ms Posey" and/or "Third Party Plaintiff".

4. "You" or "Your" means "Elastic Wonder, Inc." and any agents, employees, attorneys, and other persons acting on his behalf.

5. "Plaintiff" means "Elastic Wonder, Inc. and any agents, employees, attorneys, and other persons acting on his behalf.

5. (a) "Third Party Defendants" means "Spandex House, Inc." and "Sabudh Chandra Nath" and any agents, employees, attorneys, and other persons acting on his behalf.

6. "Third Party Plaintiff", "her", "she" means "Idil Doguoglu Posey".

8. "Mr. Schurin" means "your lawyer" "Your Counsel", "Richard Schurin", "Steven Stern", "Richard S. Schurin, Esq", "Gottlieb, Rackman & Reisman P.C. and/or "Stern & Schurin LLP" Third Party Defendant's attorney of record and any agents, employees, attorneys, and other persons acting on his behalf.

9. "Elastic Wonder Trademark Logo" means Defendant and Third Party Plaintiff's registered trademark logo with the USPTO, originally filed on July 23rd, 2013.

11. "Elastic Wonder Cease And Desist Letter" means Third Party Plaintiff's Cease and Desist letter dated July 24th, 2013.

12. "Communication" means any contact whatsoever or any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes, but is not limited to, any conversation, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telegram, telex, telecopy, facsimile, e-mail, Internet communication, telefax, cable, electronic message, tape recording, discussion, face-to-face meeting, or conference of any kind (whether in person, by audio, video, telephone, or in any other form).

13. "Document" means any document within the scope of Tex. R. Civ. P. 192, including but not limited to, any writing in your custody, possession or control or known to you—whether printed, recorded, reproduced by any process, or written or produced by hand—including, but not limited to, papers, books, accounts, data, data compilations, letters, reports, agreements, opinions, communications, calendars or day-timers, correspondence, emails, telegrams, memoranda, summaries, records of personal conversations, photographs, electronic, videotape or audiotape recordings, information or data stored electronically, including that stored on computer or computer disk, graphs, charts, drawings, exhibits, records, invoices, and receipts. The term "documents" also includes all electronic documents, including emails that have been deleted. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

14. "Person" means any individual, entity, or association of individuals or entities of any kind, and includes partnerships, limited partnerships, corporations, joint ventures, joint enterprises, trade associations, regulatory bodies, government agencies, or government entities of any kind.

15. "Representative" means any officer, director, owner, shareholder, partner, joint venturer, associate, employee, servant, agent, representative, subsidiary, or affiliate of the Person; and any other Persons or legal or business entities acting for, on behalf of, or in concert with the Person, including consultants, advisors, lawyers, investment bankers, accountants, and anyone else engaged, retained, or employed by the Person.

16. "Relating to," "referring to," and "concerning" are used in their broadest sense, and shall mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way, directly or indirectly, relevant to the subject.

17. Any request or response to any request involving a corporation or other business entity or any other entity shall also refer to and include any and all parents, subsidiaries, affiliates, partners, joint venturers, agents, employees, representatives, accountants, investment bankers, or attorneys acting on behalf of the corporation or other entity.

18. "Including" and "includes" shall mean "without limitation."

19. "Any" and "all" shall mean "any and all" or "each and every."

20. "And" and "or" shall mean "and/or." The term "and/or" shall be construed so as to require the broadest response.

21. The past tense shall include the present tense and vice versa.

22. Terms in the singular shall include the plural, and terms in the plural shall include the singular.

23. Terms not defined in these discovery requests shall have the meanings used in the pleadings or, if not used in the pleadings, the usual and ordinary meaning.

24. Any documents withheld on a claim of privilege must be preserved. If any documents are so withheld, Third Party Plaintiff hereby request, pursuant to Rule 26.5 (A) of the Federal Rules of Civil Procedure, that you identify in a privilege list or log each such document and provide the information set forth in Rule 26.5 (A)(ii).

25. In producing documents and materials, you are requested to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

26. This request requires the originals to be produced for inspection and copying, if they exist and are in your possession, custody, control, or access, including documents within the possession, custody, or control of your officers, directors, employees, attorneys, agents, representatives, and other persons or entities who have acted or purported to act on your behalf.

27. Documents not otherwise responsive to the discovery requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by the discovery request, or if such documents are attached to documents called for by the discovery request.

28. If any document was, but is no longer, in your possession or subject to your control, state whether it: (a) is missing or is lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) is otherwise disposed of. In each instance explain the circumstances of such disposition, state the approximate date thereof, and identify all persons having knowledge of the document's contents.

29. Please produce all electronic or magnetic data or media in electronic or magnetic form on compact discs (CDs) or DVDs.

30. These Requests are continuing in nature. If you become aware of or acquire in your possession, custody, or control additional responsive documents or tangible things, you are requested promptly to provide such additional documents.

31. Unless otherwise indicated, the relevant time period for these requests is December 1. 2012 to the present.

32. "Your President" means "Sabudh Chandra Nath", "Mr. Nath" or/and "Nath"

## II
## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Admit that Nath as the president of Elastic Wonder, Inc. is a person responsible and accountable for Elastic Wonder, Inc.

REQUEST FOR ADMISSION NO. 2:

Admit that at the time Nath incorporated Elastic Wonder, Inc. to be what he called an extension of the Spandex House, Inc. business you knew of Defendant's use of Elastic Wonder.

REQUEST FOR ADMISSION NO. 3:

Admit that you do not have a written contract signed by both parties with Defendant which clearly states details in an endeavor.

REQUEST FOR ADMISSION NO. 4:

Admit that you do not have any cancelled checks or receipts that show payments made by you to the Defendant.

REQUEST FOR ADMISSION NO. 5:

Admit that you do not have proof that shows you being the legal owner of the domain ElasticWonder.com

REQUEST FOR ADMISSION NO. 6:
Since you claim to be the owner of the domain ElasticWonder.com, and that it was created for Elastic Wonder, Inc. admit that you visited at least once since it's inception the website and saw that it is an online e-commerce shop, which sells clothing to the public.

REQUEST FOR ADMISSION NO. 7:

Admit that you do not have a legal document that shows you are the owner of the domain ElasticWonder.com.

REQUEST FOR ADMISSION NO. 8:

Since you deny that Defendant is the legal owner of the domain ElasticWonder.com, even though she has exhibited official registration information, admit that you do not have any official documentation from a domain registrar, such as godaddy.com that shows you are the owner of the domain ElasticWonder.com.

REQUEST FOR ADMISSION NO. 9:

Admit that you do not have any official documentation from a domain registrar, such as

godaddy.com that shows you are the owner of the domain ElasticWonder.com.

REQUEST FOR ADMISSION NO. 10:

Admit that you do not have copies of texts or emails dated during December 2012 up until March 2013 which show you mentioning Elastic Wonder to the Defendant.

REQUEST FOR ADMISSION NO. 11:

Admit that you do not have any written documentation that show you assining, or asking or employing, discussing with defendant to design and produce clothing samples for you.

REQUEST FOR ADMISSION NO. 12:

Admit that you do not have any written documentation that show you assigning, or asking and/or employing or hiring, discussing with defendant and her husband to produce photo shoots for you.

REQUEST FOR ADMISSION NO. 13:

Admit that you do not have any cancelled checks or receipts that show payments made by you to the Defendant and her husband for photo shoots produced for you.

REQUEST FOR ADMISSION NO. 14:

Admit that you do not have any written documentation in which you specifically request from the defendant to complete any work for you.

REQUEST FOR ADMISSION NO. 15:

Admit that you do not have any written documentation or written contracts of any kind in which you specifically request Spandex House, Inc. to let the defendant pick fabrics from Spandex House, Inc. retail location on 263 W 38th St to use for your own benefit.

REQUEST FOR ADMISSION NO. 16:

Admit that you do not have any written documentation or written contracts of any kind in which you specifically request the defendant to design and make leggings for you.

REQUEST FOR ADMISSION NO. 17:

Admit that you do not have any written documentation that shows that you or anyone else from your company communicated to Ms Posey what fabrics you picked for her to make any leggings or clothing items for you.

REQUEST FOR ADMISSION NO. 18:

Admit that Defendant met with you about 10 times at your presidents office at Spandex

House, Inc retail location on 263 W 38th street in Manhattan to talk about Elastic Wonder.

REQUEST FOR ADMISSION NO. 19:

Admit that you are associated with ElasticWonderNYC.com

REQUEST FOR ADMISSION NO. 20:

Admit that you do not have any written documentation that shows that you commissioned, asked, hired, communicated to Ms Posey to make any arrangements for you to go to the Magic Trade how in Las Vegas in August 2013.

REQUEST FOR ADMISSION NO. 21:

Admit that you do not have any written documentation that shows that you communicated to Ms Posey that you registered ElasticWondernyc.com a domain similar to the domain ElasticWonder.com.

REQUEST FOR ADMISSION NO. 22:

Admit that you do not have any written documentation that shows that you communicated to Ms Posey about, or asked her about her false domain registration ElasticWonder.com and that she was supposed to register it in your name.

REQUEST FOR ADMISSION NO. 23:

Admit that you do not have any written documentation that shows that you communicated to Ms Posey about your domain ElasticWonderNYC.com

REQUEST FOR ADMISSION NO. 24:
Admit that you set up an online shop e-commerce site at the domain ElasticWondernyc.com and showcased the Elastic Wonder name and logo on several pages.

REQUEST FOR ADMISSION NO. 25:

Admit that you don't have any documentation that show that you had a written contract with anyone you assigned to design and make leggings for you.

REQUEST FOR ADMISSION NO. 26:

Admit that you don't have any documentation, cancelled checks or signed receipts that show that you paid someone to manufacture hundreds of leggings for you.

REQUEST FOR ADMISSION NO. 27:

Admit that, assuming the leggings pictured on your photos were yours, you uploaded those photos onto the online shop e-commerce site ElasticWonderNYC.com , in order to show the leggings to the public and offer them for sale.

REQUEST FOR ADMISSION NO. 28:

Admit that your store front Elastic Wonder is or was located at a former 99c Dollar Plus store location at 347 W 38th St in Manhattan.

REQUEST FOR ADMISSION NO. 29:

Admit that you sold to the public from that retail location on 347 W 38th St in Manhattan leggings in packaging, including label and logo band.

REQUEST FOR ADMISSION NO. 30:

Admit that you sold at that location, 347 W 38th St, next to leggings Spandex House, Inc. fabric by the yard

REQUEST FOR ADMISSION NO. 31:

Admit that you do not have written documentation that shows that you hired or commissioned & paid anyone for the design of a stylized graphic logo mark for you during 2013.

REQUEST FOR ADMISSION NO. 32:

Admit that you posted up an Elastic Wonder Logo on at least one large banner at your store location 347 W 38th St.

REQUEST FOR ADMISSION NO. 33:

Admit that you displayed an Elastic Wonder Logo on the packaging and on clothing labels at your store location 347 W 38th St.

REQUEST FOR ADMISSION NO. 34:

Admit that you displayed an Elastic Wonder Logo on the door at your office at 270 W 38th St #12A

REQUEST FOR ADMISSION NO. 35:

Admit that you displayed Elastic Wonder Logo's at your tradeshow booth at the Magic Trade Show in Las Vegas during August 2013.

REQUEST FOR ADMISSION NO. 36:

Admit that you continued using the Elastic Wonder name and logo after Ms Posey sent a Cease and Desist letter telling you to stop using Elastic Wonder and after she told you she had the rights to the name and logo.

REQUEST FOR ADMISSION NO. 37:

Admit that you continued using the Elastic Wonder name and logo to sell leggings and other clothing items to the public via online shop and to the wholesale trade after Ms Posey sent a Cease and Desist letter telling you to stop using Elastic Wonder and after she told you she had the rights to the name and logo.
.

REQUEST FOR ADMISSION NO. 38:

Admit that you continued showing the Elastic Wonder name and logo on a 2x4 ft banner on Manhattans 270 W 38th street office on the 12th floor, and a large 20ft banner on your store front at 347 W 38th St.

REQUEST FOR ADMISSION NO. 39:

Admit that you do not have any legal written documentation that shows you are the legal owner of the ElasticWonder.com website and/or the Elastic Wonder stylized logo mark as shown in Ms Posey's registered trademark registration with the USPTO.

REQUEST FOR ADMISSION NO. 40:

Admit that, assuming that you are the owner of the stylized Elastic Wonder Logo mark, you do not have any written documentation that shows that you protested Ms Posey's registration of the Elastic Wonder stylized logo mark.

REQUEST FOR ADMISSION NO. 41:

Admit that you do not have a valid registered and published trademark of Elastic Wonder.

REQUEST FOR ADMISSION NO. 42:

Admit that the status of your USPTO application for the Elastic Wonder trademark is "Abandoned".
.

REQUEST FOR ADMISSION NO. 43:

Admit that you filed a temporary retraining order against Defendant, which should prevent Defendant to interfere with your presentation of Elastic Wonder, Inc.'s presentation at Magic Trade Show in Las Vegas during August 2013.

REQUEST FOR ADMISSION NO. 44:

Admit that at one point you decided to change your name from Elastic Wonder to Walking Candy. Admit that you set up an e-commerce shop at that domain walkingcandy.com

REQUEST FOR ADMISSION NO. 45:

Admit that you set up an online shop at the domain walkingcandy.com and started selling clothing to the general public and the wholesale trade.

REQUEST FOR ADMISSION NO. 46:

Admit that you used the same photos you previously used on ElasticWonderNYC.com on your new site walkingcandy.com.

REQUEST FOR ADMISSION NO. 47:

Admit that your company name was changed to Walking Candy, Inc.

REQUEST FOR ADMISSION NO. 48:

Admit that Elastic Wonder, Inc. Walking Candy, Inc. and Spandex House, Inc. share the same man as their president.

REQUEST FOR ADMISSION NO. 49:

Admit that your ElasticWodnerNYC.com online shop no longer exists on the world wide web.

REQUEST FOR ADMISSION NO. 50:

Admit that you do not have written documentation that shows that you made an effort to have the domain ElasticWodner.com transferred to you once you learned that you were not the registrar legal owner of ElasticWonder.com.

REQUEST FOR ADMISSION NO. 51:

Admit that you used catalogs displaying Spandex House, Inc. fabrics with the Elastic Wonder name and logo on each page.

REQUEST FOR ADMISSION NO. 52:

Admit that you used stationary and order forms that displayed Elastic Wonder's name and logo from which clients picked Spandex House, inc. fabrics in which they wanted leggings made from.

REQUEST FOR ADMISSION NO. 53:

Admit that you did not interfere with Magic posting the Elastic Wonder name and logo on trade show calendars in print and online and on show maps after receiving Ms Posey's cease and desist letter.

REQUEST FOR ADMISSION NO. 54:
Admit that you do not have any written documentation to shows that you hired and paid any graphic designer, professional photographers, make up artist and creative directors when you designed your online shop elasticwondernyc.com and walkingcandy.com

**IDIL DOGUOGLU-POSEY**

844 60th St.
Oakland, CA 94608
Telephone: (917) 583-2466
Email: info@elasticwonder.com

Dated: 23rd day of May, 2015
Oakland, California

CC:
rschurin@sternscurin.com
sstern@sternschurin.com

**Certificate of Service**

I hereby certify that a copy of the foregoing Third Party Plaintiff's Second Request for Admissions was sent via U.S. Mail, first-class, postage prepaid, this 23rd day of May, 2015 to:

JStern & Schurin LLP, 410 E. Jericho Turnpike, Mineola, NY 11501.

Idil Doguoglu Posey

Case 1:13-cv-05683-GK-AJP Document 124-103 Filed 06/23/15 Page 15 of 16

Case 1:13-cv-05683-GK-AJP Document 124-103 Filed 06/23/15 Page 16 of 16