UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALKING CANDY, INC. f/k/a ELASTIC WONDER, INC.,<br><br>   Plaintiff, Counterclaim Defendant<br><br> v.<br><br>IDIL DOGUOGLU-POSEY,<br><br>   Defendant, Counterclaimant | CIVIL ACTION NO. 13-CV-5603 (JGK) |
| IDIL DOGUOGLU-POSEY,<br><br>   Third Party Plaintiff,<br><br> v.<br><br>SPANDEX HOUSE, INC., SABUDH CHANDRA NATH and WALKING CANDY, INC.<br><br>   Third Party Defendants. | |

**PLAINTIFF WALKING CANDY, INC. f/k/a ELASTIC WONDER, INC. AND THIRD PARTY DEFENDANTS SPANDEX HOUSE, INC. and SABUDH CHANDRA NATH'S <u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

          STERN & SCHURIN, LLP
          410 E. Jericho Turnpike
          Mineola, New York 11501
          (516) 248-0300
          *Attorneys for Plaintiff*
          *Walking Candy, Inc. f/k/a Elastic Wonder,*
          *Inc. and Third Party Defendants Spandex*
          *House, Inc., and Sabudh Chandra Nath*

Plaintiff Walking Candy, Inc. f/k/a Elastic Wonder, Inc. (hereafter "Plaintiff" or "Walking Candy") and Third Party Defendants Spandex House, Inc. ("Spandex House") and Sabudh Chandra Nath ("Nath") (Plaintiff and Third Party Defendants are collectively referred to hereinafter as "Moving Parties"), by their attorneys, STERN & SCHURIN, LLP, submit this memorandum of law in reply to the opposition papers submitted by Counterclaimant and Third Party Plaintiff, Idil Doguoglu-Posey ("Posey").

Posey has failed to submit any memorandum or legal argument in opposition to the Moving Parties' motion. Thus, the legal points raised by the Moving Parties stand uncontested.

With respect to the factual record, Posey's rambling Rule 56.1 response, and her own declaration and that of her husband, Carl Posey, fail to raise any genuine issue of material fact that is relevant to the issues raised by the Moving Parties herein. Indeed, Posey's opposition confirms that the only basis for her claim of ownership of the ELASTIC WONDER trademark during the time when Plaintiff was still using the mark is her claim that she coined the name, created logos, and registered the domain name, Facebook and Twitter accounts. However, and as explained in the Moving Parties' main brief, as a matter of law, such acts do not constitute a "use in interstate commerce" which can support a claim of trademark ownership.

In addition, Posey has still offered no evidence whatsoever in support of her claim for monetary damages. Indeed, Posey claims that she does not have to supply any such evidence. In her response she states as follows:

> – "Motion for summary judgment is not a way of requesting documented evidence from the opposing party, therefore and because Posey is preparing for trial, she is not required to release such here." (Posey' Opposition p. 23)

In fact, Posey was asked in discovery for all documents in support of her claim for damages, and no legitimate business records or other documents proving damages were produced. (¶29 of Moving Parties' Statement of Uncontested Facts). Her current position that she is "not required" to offer such documents in support of her claim for damages, is obviously incorrect and if this case were ever to go to trial, Posey would be precluded from offering any such documents which were never produced in discovery. Accordingly, Posey has only her own speculative testimony to support her monetary damages claims. Thus, if her liability claims are not dismissed, summary judgment should at least be granted with respect to her claims for monetary relief.

Posey also offers no relevant support to her claims of copyright infringement. Specifically, Posey has not a single copyright registration, and fails to identify any specific work that she owns and which is allegedly infringed. Accordingly, Posey's copyright claims are utterly devoid of merit and must also be dismissed as a matter of law.

## ARGUMENT

### I. THE STANDARD FOR SUMMARY JUDGMENT HAS BEEN SATISFIED

Rule 56 of the Federal Rules of Civil Procedure provides that "[T]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows a prima facie case for summary judgment, then the burden of production shifts to the non-moving party to present specific evidence indicating that there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 250 (1986).

2

The non-moving party cannot defeat a motion for summary judgment merely by making far-reaching allegations that are not supported by the record or the law. *Seward & Kissel v. Smith Wilson Co.,* 814 F. Supp. 370, 371, 1993 U.S. Dist. LEXIS 2451, *1, 25 Fed. R. Serv. 3d (Callaghan) 1090 (S.D.N.Y. 1993); *Lankler Siffert & Wohl, LLP v. Rossi*, 287 F. Supp. 2d 398, 405, 2003 U.S. Dist. LEXIS 17962, *16 (S.D.N.Y. 2003). Any allegation or denial that is unsupported is deemed to be undisputed. *Industrial Bank of Japan Trust Co. v. Haseotes,* 1993 U.S. Dist. LEXIS 11568, 1993 WL 322775 (S.D.N.Y. Aug. 19, 1993).

In this case, Posey's response to Moving Parties' 56.1 Statement is rife with denials that are totally unsupported by any evidence in the record. Therefore, as discussed herein, Posey has not met her burden since she has not presented any specific evidence indicating that there is a genuine issue of material fact.

## II. POSEY DID NOT USE THE ELASTIC WONDER TRADEMARK IN COMMERCE PRIOR TO PLAINTIFF

Trademark ownership in the United States is established by priority of use in interstate commerce. 2 J. Thomas McCarthy. *McCarthy on Trademarks and Unfair Competition,* § 16:1 (2014); *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 413, 36 S.Ct. 357 (1916) ("[T]he right grows out of use, not mere adoption."). The Lanham Act defines "use in commerce" as the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. §1127. "Use in commerce is analyzed on a case by case basis, considering the totality of the circumstances." *Lopez v. Gap, Inc.* 883 F. Supp. 2d 400, 417 (S.D.N.Y. 2012) In addition, the use of marks in steps preliminary to establishing a business "does not establish a priority date..." 2 J. Thomas McCarthy. *McCarthy on Trademarks and Unfair Competition,* § 16:12 (2014) (A mark is merely a symbol of existing good will. "Applying this rule, the Federal Circuit has held that use in actually rendering the services is required.") Pre-sale promotions and

advertising are thus not sufficient to establish "use in commerce." *Id.* at p. 16-30. See also, *Cullman Ventures, Inc. v. Columbian Art Works, Inc.*, 717 F. Supp. 96 (S.D.N.Y. 1989)

In her opposition, Posey identifies the basis for her claim of ownership, yet none of the facts that she alleges constitutes a "use in commerce" sufficient to establish ownership of a trademark.

For example, Posey asserts at page 3 of her response that she "came up with the idea" of Elastic Wonder, which she then presented to Nath. As previously noted, coining a trademark name and/or coming up with the "idea" of using a particular trademark in commerce does not constitute a "use in commerce" sufficient to support a claim of trademark ownership. See, *Gowanus Dredgers v. Baard*, 2013 U.S. Dist. LEXIS 176997, *15 (E.D.N.Y. 2013) ("[T]he inventor or creator of a trademark is not necessarily its owner, and indeed often is not.")

Similarly, Posey's contention that she registered the domain name elasticwonder.com prior to Plaintiff's involvement, also does not support a claim of trademark ownership since the registration of a domain name is also not a recognized "use in commerce." See, *CourtAlert.com, Inc v. e-Law, LLC*, 2013 U.S. Dist. LEXIS 126926 (S.D.N.Y. 2013), and *Cline v. 1-888-Plumbing Group, Inc.*, 146 F. Supp.2d 351, 369 (S.D.N.Y. 2001).

After reading through all of Posey' submissions, the only other possible evidence of use is her alleged creation of legging designs, and her claim to have created a Facebook page and Twitter account in February 2013. However, with respect to the legging designs, Posey has offered no evidence that such legging designs were ever offered by her under the ELASTIC WONDER trademark. To the contrary, in support of this contention Posey relies upon an email to Nath wherein she shows him certain leggings designs, which don't contain an ELASTIC WONDER label or mark, but which she proposes could be offered under the proposed Elastic

4

Wonder trademark.  (See Posey Exhibit I, and also Exhibit C offered by Moving Parties, an email of the same date from Posey proposing various logos)  Photos of leggings designs that Posey claims could be offered with the ELASTIC WONDER trademark is clearly not evidence of any use in interstate commerce.

Similarly, with respect to the establishment of a Facebook page and Twitter account, Posey's reservation of these accounts and posting of "Coming Soon" and other like messages therein in anticipation of actually selling goods under the mark does not constitute an actual "use in interstate commerce" sufficient to support a claim of rights.  See, 2 J. Thomas McCarthy. *McCarthy on Trademarks and Unfair Competition,* § 16:12 (2014) (use of a mark in pre-sale promotion or advertising does not constitute use in commerce.) See also, *Lopez v. Gap, Inc.* 883 F. Supp. 2d 400, 417 (S.D.N.Y. 2012) (Lopez' evidence of advertising consisting in part of a screenshot of his Facebook page, where the LES Mark is displayed prominently in the center of the page, "fails entirely to support a claim of use in interstate commerce.")  It is also noted that Posey admits that no actual sales of ELASTIC WONDER product occurred until June of 2013. (See page 12 of Posey's opposition).

It also bears repeating that the numerous emails and other documents dated prior to Plaintiff's incorporation and involvement in the business all strongly evidence the fact that Posey and Nath were working together in anticipation of launching the ELASTIC WONDER business. One example is Posey's email to Nath dated February 6, 2013, letting Nath know that she was working to set up the general welcome page for his website elasticwonder.com, among other tasks that she was working on for Nath  (See Exhibit H)   There are numerous other e-mails as well which also evidence the fact that Posey was working for and with Nath, and seeking Nath's approval for various tasks in association with the prospective ELASTIC WONDER business.  In

contrast, Posey has not offered a single document dated prior to her leaving Plaintiff wherein she states that she is to own or owns any interest in the ELASTIC WONDER trademark once the business is established.

Finally, Nath was also paying $5,000 a month to Posey and reimbursing her for her expenses. In this regard, Posey's opposition fails to explain why Nath would ever be paying Posey and reimbursing her, if it was not his business. Moreover, the evidence is also clear that Posey was expecting Nath, and indeed relying upon him, to incorporate ELASTIC WONDER, and Posey knew as early as April 11, 2013 that Elastic Wonder, Inc had been incorporated and that Nath was the owner. This is evidenced by numerous things including the fact that up until Elastic Wonder, Inc.'s incorporation Posey's email signature line read IDILVICE Fashion and contained contact information for Posey's brand IDILVICE. (See Exhibit I) But, once Nath incorporated ELASTIC WONDER, Posey changed her signature line to Elastic Wonder, Inc. and included the address that Nath provided, conveying to every person that she emailed that she was working on behalf of Elastic Wonder, Inc. (See Exhibit Q) After leaving Nath's company, Posey clearly understood that she no longer worked for Elastic Wonder, Inc. and removed reference to Elastic Wonder, Inc. and its address from her email signature line. It was only at this point that Posey inserted the word "owner" into her signature line with the ELASTIC WONDER logo. (See Posey Exhibit X)

Additionally, Posey understood that Nath was the owner of Elastic Wonder, Inc. This is evidenced by the fact that when PayPal told Posey that it needed information concerning the owner of the company, she contacted Mr. Nath for such information. (See Exhibit Q) In her opposition, Posey inexplicably contends that she expected Mr. Nath to establish the corporation and list _her_ as the owner. However, Posey has absolutely no evidence of such understanding,

6

and offers no logical explanation as to why Nath would incur the expense of setting up a corporation in Posey's name.  Thus, according to Posey, Nath paid for everything but owned nothing.  Like most of Posey's other explanations, her story just does not add up or make any sense.

### III. IN POSEY'S BEST CASE SCENARIO, PLAINTIFF AND/OR NATH ARE JOINT OWNERS OF THE ELASTIC WONDER TRADEMARK

Posey also offers no specific defense to the argument that Plaintiff and Nath are at least co-owners of the mark.  The only relevant facts that Posey alleges with regard to this argument is her admission that "Posey does not deny that Nath and her at one point had an agreement." (Posey Opposition p. 2) However, Posey does not say what that agreement was, only what it wasn't – she claims there was not an agreement for her to be a "freelancer" for Nath.

Needless to say, parties can jointly own property without an enforceable contract.  Thus, even if Posey were able to establish ownership rights to the mark ELASTIC WONDER, Nath and/or Plaintiff would be – at the very least – joint owners or co-owners of the ELASTIC WONDER trademark.

Joint ownership is also supported by some of the evidence that Posey seeks to rely upon. For example, Posey seeks to characterize her early emails to Nath as evidencing her solicitation of a "partnership" with Nath, or her "soliciting Nath into going into business with her." (Posey Opposition p. 2)  Posey claims that such agreement was never consummated, but still Nath paid her $5,000 per month and reimbursed her expenses.

When parties work together without a formal agreement, joint ownership of the resulting assets is often found. See e.g. *Third Educ. Group, Inc v. Phelps*, 2009 U.S. Dist. LEXIS 67434 ("If a voluntary association is simply a group of individuals who join together for a certain purpose under a common name, that common name is necessarily property of the association.

7

As such, each member of the association has a joint interest in that property.) Since a joint owner or co-owner cannot infringe a mark it owns there can be no infringement. See e.g.,, *Piccari v. GTLO Prods., LLC*, 2015 U.S. Dist. LEXIS 81743 (E.D. Pa 2015).

### IV.     POSEY'S COPYRIGHT CLAIMS MUST BE DISMISSED

In their main brief, Moving Parties ague that Posey's copyright claims must be dismissed because (a) she own no copyright registrations, (b) the alleged works are not copyrightable and (c) Posey has failed to identify a single specific work which she claims has been infringed. Posey's opposition fails to respond to any of these arguments either legally or factually. Accordingly, and for the reasons specified in the Moving Parties' main brief, Posey claims of copyright infringement must be dismissed.

### V.     PLAINTIFF HAS FAILED TO SET FORTH ANY SUSTAINABLE CLAIM FOR MONETARY DAMAGES

Posey also fails in her opposition to offer any admissible or relevant evidence in support of her claim for monetary damages.  On this basis, her claim for monetary damages must also be dismissed. See, *PPX Enterprises, Inc v. Audiofedility Enterprises, Inc.*, 818 F.2d 266, 271 (2d Cir. 1987) (noting the quantum of damages "must be demonstrated with specificity"); and 2 J. Thomas McCarthy. *McCarthy on Trademarks and Unfair Competition,* §30:72; Restatement (Third) of Unfair Competition §36 cmt. C (1995) ("An award of damages is designed to compensate the plaintiff for proven pecuniary loss, and the burden is on the plaintiff to establish the fact and amount of such loss.")  "If the record in the district court contains no evidence of actual damage … in dollars and cents no monetary award may be made under §35 of the Lanham Act and the trademark owner must be content with injunctive relief." *Members 1st fed. Credit Union v. Metro Bank*, 2010 U.S. Dist. LEXIS 112781 (Penn. M.D. 2010) citing *Caesar's World, Inc v. Venus Lounge, Inc.*, 520 F.2d 269, 274 (3rd Cir. 1975)

8

In this case, Posey's evidence of damages based on Moving Parties alleged profits consists of the premium schedule in Spandex House's insurance policy.  (See page 24 of Posey's opposition)  This is hardly evidence of revenue achieved through infringement as required under the Lanham Act.

Similarly, Posey's recitation of alleged monetary damages that she suffered is entirely unsupported.  In this regard, Posey relies on her initial disclosures (Exhibits FF and GG to her opposition).  Thus, Posey's recitation of damages amounts to sheer speculation of what she believes she may possibly get, without any document support whatsoever.  For example, under the title "Loss of Licensing Revenue," Posey states -  "Up until the Third Party Defendants stop their infringing activities, loss of licensing revenue is a cause for damages, as contracts cannot be made.  The opportunities for licensing are huge for Elastic Wonder and damages in the minimal amount of $1,500.00/month should be awarded for loss of that revenue."  (See pp. 36 and 37 of Posey's Exhibit GG).  Yet, Posey provides no documents or other evidence to support that she even had any specific licensing opportunities.   The simple fact is that Posey also has absolutely no documents or expert testimony to support any of her claims for monetary damages.

 Thus, it is clearly evident that any possible claim for actual damages that Posey may claim would be entirely speculative and therefore un-recoverable as a matter of law.  *See e.g.*, *Jill Stuart (Asia) LLC v. Sanei Int'l Co*., 2013 U.S. Dist. LEXIS 89046 (S.D.N.Y. 2013), and *Maier-Schule GMC v. General Motors Corp.,* 154 F.R.D. 47, 53 (N.Y.W.D. 1994).   On such basis, the Court should dismiss any claim that Posey may have for monetary damages.

## **CONCLUSION**

For the reasons set forth herein, the Moving Parties respectfully submit that summary judgment should be granted and Posey's claims should be dismissed in their entirety.

**STERN & SCHURIN LLP**
*Attorneys for Plaintiff and Third Party Defendants*
410 E. Jericho Turnpike
Mineola, New York 11501
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

By: *Richard S. Schurin*

Richard S. Schurin (RS 0199)
rschurin@sternschurin.com
Steven Stern (SS 5203)
sstern@sternschurin.com

Dated: October 15, 2015
Mineola, New York